**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ERROLL D. BROWN; KIRK ASHLEY
WILDER,
Appellants,

and

TAMMIE DAVIS,

No. 95-1725

Plaintiff,

v.

PRC, INCORPORATED; DAVE AULT;
JEFF ATKINSON,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-938-A)

Argued: June 5, 1996

Decided: July 22, 1996

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Erroll D. Brown, LAW OFFICES OF ERROLL D.
BROWN, Landover, Maryland, for Appellant. Stephen William Rob-

inson, MCGUIRE, WOODS, BATTLE & BOOTHE, McLean, Virginia, for Appellee. **ON BRIEF:** Kirk A. Wilder, LAW OFFICES OF ERROLL D. BROWN, Landover, Maryland, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, Erroll D. Brown and Kirk Ashley Wilder, two of plaintiff Tammie Davis's three co-counsel, appeal from the district court's amended order imposing sanctions against them under Federal Rule of Civil Procedure 11 for refiling a frivolous Title VII suit. Because appellants failed to comply with Federal Rule of Appellate Procedure 4(a)(4) concerning the time for filing a notice of appeal, we lack jurisdiction to hear their challenge to the district court's amended order, and therefore dismiss this appeal.

Davis's initial complaint contained five counts brought under Title VII and the Equal Pay Act. After a September 1994 hearing, the district court granted defendant's motion to dismiss; dismissing three claims with prejudice as being either time-barred or exceeding the scope of plaintiff's EEOC charge, and dismissing the two remaining claims, both alleging racial discrimination, without prejudice. Although the district court granted Davis leave to amend her complaint, the district court cautioned plaintiff's counsel that, "I do strongly suggest you look carefully at what the facts are and make sure that you have got a substantial basis to refile." Transcript at 15.

Despite the district court's explicit admonition, plaintiff's counsel filed an amended complaint which did not appear to be based on any further investigation into the merits or factual bases of the racial discrimination claims. Defendant, PRC, Incorporated, moved for summary judgment, which was granted by the district court. PRC then

2

moved for attorney's fees pursuant to 42 U.S.C.§§ 1988, 2000e-5(k) and for Rule 11 sanctions against plaintiff's counsel for filing and pursuing patently frivolous claims. On February 10, 1995, the district court, pursuant to 42 U.S.C. §§ 1981(a), 1988, granted in part PRC's motion for fees and sanctions, awarding $30,000 of the $84,000 requested by PRC because plaintiff's counsel had"refil[ed] and pursu[ed] a race discrimination complaint that had no evidentiary basis." J.A. at 543. The district court ordered that the $30,000 be paid in equal parts by plaintiff and each of her three attorneys.

On February 24, 1995, one of plaintiff's counsel not a party to this appeal, Wanda M. Johnson, and plaintiff herself petitioned the district court pursuant to Rule 59(e) to reconsider its order awarding attorney's fees against them, contending that they were not aware that the district court had cautioned against filing an amended complaint without further inquiry into the merits. On March 10, 1995, before the district court could decided the Rule 59(e) motion, plaintiff's two other attorneys, appellants herein, noted an appeal from the district court's initial order granting PRC partial attorney's fees. On March 24, 1995, the district court granted the motion to reconsider, and amended its earlier order. The amended order clarified that the sanctions were awarded pursuant to Rule 11 rather than the attorney's fee provisions of Title 42 as the original order had stated, and also vacated the award against plaintiff, decreased Johnson's sanction to $2,000, and increased appellants' sanctions to $14,000 each. On April 7, 1995, appellants filed a motion to reconsider which the district court treated as being brought pursuant to Rule 60(b) and denied on April 25, 1995. J.A. at 648-52.**1**

In their brief and at oral argument before this court, appellants clearly challenged the March 24 Amended Order imposing $28,000 in sanctions under Rule 11, despite the fact that appellants' notice of appeal, filed March 10, sought relief only from the initial order grant-

_____

**1** Appellants failed to specify the procedural authority for their Motion to Reconsider The Order of Court Dated 24 March 1994, but the district court treated it as being brought under Federal Rule of Civil Procedure 60(b) because it was the only rule under which the motion was not untimely. J.A. at 650.

3

ing appellee partial attorney's fees. Federal Rule of Appellate Procedure 4(a)(4) clearly provides that:

> If any party files a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure:
>
> . . .
>
> (C) to alter or amend the judgment under Rule 59;
>
> . . .
>
> (F) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment.
>
> A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Appellate Rule 3(c), to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment shall file a notice, or amended notice, of appeal within the time prescribed by this Rule 4 measured from the entry of the order disposing of the last such motion outstanding.

(emphasis added). Appellants' notice of appeal was filed before the court's amended order granting Davis's and Johnson's Rule 59(e) motion and before the district court's disposition of appellants' Rule 60(b) motion and is thus "ineffective to appeal from the judgment or order." Appellants failed to amend their original notice of appeal or to file a new notice of appeal as is plainly required by Rule 4(a)(4) in order to appeal the district court's amended order imposing

4

Rule 11 sanctions. Accordingly, we lack jurisdiction to review the district court's March 24 Amended Order and dismiss this appeal for want of jurisdiction.

DISMISSED**2**

_____

**2** The district court's opinion denying appellants' motion for reconsideration made clear that the original order erroneously referred to Title 42 as the basis of the $30,000 reward rather than Rule 11 as the court intended. J.A. at 650.

5